**FILED**

NOV 1 3 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

VERSAILLES DEVELOPMENT CO., LLC,

    Plaintiff,

    v.

EQUILON ENTERPRISES LLC and THE SHAW GROUP INC.,

    Defendants.

No. C 06-05872 CW

ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

Defendants Equilon Enterprises LLC and Shaw Group Inc. move separately for summary judgment. Plaintiff Versailles Development Co. opposes the motions and cross-moves for leave to file an amended complaint adding Shaw Environmental, Inc. as a party.[1] The motions were heard on November 8, 2007. Having considered the parties' papers and oral argument on the motions, the Court grants Defendants' motions to dismiss and denies Plaintiff's motion for leave to file an amended complaint.

BACKGROUND

This case arises out of an environmental indemnity agreement

---

[1] Both Equilon and Shaw Group note that Plaintiff's oppositions were untimely under the Court's scheduling order. Further, Shaw Group notes that Plaintiff's cross-motion was not properly noticed.

between Defendant Equilon and Plaintiff in which Equilon agreed "to indemnify, defend, and hold harmless [Plaintiff and its lender] from and against Environmental Losses" related to the possible contamination of land on which Plaintiff intended to build condominiums. Shepardson Decl., Ex. B at 3. The contract acknowledged prior contamination. When contamination was discovered, Equilon hired Shaw Environmental, Inc. to perform remediation work. This dispute arises out of Plaintiff's claim that significant delays occurred and additional remediation was performed, for which Equilon has not reimbursed it.

Plaintiff brings claims for (1) breach of written contract against Equilon; (2) express indemnity against Equilon; (3) negligence against Equilon and Shaw Group; and (4) intentional misrepresentation against Equilon. Based on these claims, Plaintiff seeks damages including punitive damages.[2]

## LEGAL STANDARD

Summary judgment is properly granted when no genuine and disputed issues of material fact remain, and when, viewing the evidence most favorably to the non-moving party, the movant is clearly entitled to prevail as a matter of law. Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Eisenberg v. Ins. Co. of N. Am., 815 F.2d 1285, 1288-89 (9th Cir. 1987).

The moving party bears the burden of showing that there is no

---

[2] Plaintiff does not oppose Equilon's motion for summary judgment with respect to its claim for damages for emotional distress. The Court grants the motion to the extent it relates to damages for emotional distress.

2

material factual dispute. Therefore, the court must regard as true the opposing party's evidence, if supported by affidavits or other evidentiary material. Celotex, 477 U.S. at 324; Eisenberg, 815 F.2d at 1289. The court must draw all reasonable inferences in favor of the party against whom summary judgment is sought. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991).

Material facts which would preclude entry of summary judgment are those which, under applicable substantive law, may affect the outcome of the case. The substantive law will identify which facts are material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Where the moving party does not bear the burden of proof on an issue at trial, the moving party may discharge its burden of production by either of two methods. Nissan Fire & Marine Ins. Co., Ltd., v. Fritz Cos., Inc., 210 F.3d 1099, 1106 (9th Cir. 2000).

> The moving party may produce evidence negating an essential element of the nonmoving party's case, or, after suitable discovery, the moving party may show that the nonmoving party does not have enough evidence of an essential element of its claim or defense to carry its ultimate burden of persuasion at trial.

Id.

If the moving party discharges its burden by showing an absence of evidence to support an essential element of a claim or defense, it is not required to produce evidence showing the absence of a material fact on such issues, or to support its motion with

1  evidence negating the non-moving party's claim.  Id.; see also
2  Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 885 (1990); Bhan v.
3  NME Hosps., Inc., 929 F.2d 1404, 1409 (9th Cir. 1991).  If the
4  moving party shows an absence of evidence to support the non-moving
5  party's case, the burden then shifts to the non-moving party to
6  produce "specific evidence, through affidavits or admissible
7  discovery material, to show that the dispute exists."  Bhan, 929
8  F.2d at 1409.

9     If the moving party discharges its burden by negating an
10 essential element of the non-moving party's claim or defense, it
11 must produce affirmative evidence of such negation.  Nissan, 210
12 F.3d at 1105.  If the moving party produces such evidence, the
13 burden then shifts to the non-moving party to produce specific
14 evidence to show that a dispute of material fact exists.  Id.

15     If the moving party does not meet its initial burden of
16 production by either method, the non-moving party is under no
17 obligation to offer any evidence in support of its opposition.  Id.
18 This is true even though the non-moving party bears the ultimate
19 burden of persuasion at trial.  Id. at 1107.

DISCUSSION

I.  Equilon

Equilon moves for summary judgment on Plaintiff's fourth cause of action for fraudulent misrepresentation and related claim for punitive damages.  Plaintiff's fourth cause of action alleges that Equilon "intentionally misrepresented . . . that it would indemnify plaintiff for all losses associated with hazardous substances located on plaintiff's property" and that Equilon made these

misrepresentations "for the purpose of inducing plaintiffs to purchase [the property] and to induce plaintiffs to obtain a loan for building condominiums on the property." Complaint ¶ 39. Further, Plaintiff alleges that at the time Equilon made these representations, "they were untrue, and defendant knew them to be untrue." Id. at ¶ 40.

Equilon argues that Plaintiff's claim fails because "the evidence shows that Equilon intended to, and in fact did, perform its obligations under the Agreement." Equilon Motion at 8. Equilon submits the declaration of Timothy Ripp, a senior geologist employed by Shaw Environmental and project manager for the remediation at issue, in support of its motion. Ripp declares that Equilon "hired Shaw Environmental to characterize and appropriately dispose of contaminated soil and groundwater being removed from the site." Ripp Decl. ¶ 3. Ripp details the work done by Shaw Environmental at Equilon's expense, noting that "118 truck loads of potentially contaminated soil, totaling 2,354.75 tons of material were trucked off the site in trucks hired by Equilon" and that it "treated over 26,000,000 gallons of effluent." Id. at ¶ 12. Further, "Shaw Environmental maintained a presence on this project until excavation was completed and all known petroleum hydrocarbon-impacted soils had been removed." Id. at ¶ 13.

Equilon argues that this undermines Plaintiff's assertion that it never intended to perform on the contract. Plaintiff counters that it has sought payment for additional efforts it has undertaken "to clean up contaminated dirt and water and other expenses associated with construction delays as a result of discovery of

contamination." Opposition at 3. Plaintiff also notes that Equilon concedes that it owes some portion of the amount demanded, but has not paid the agreed-upon amount. However, nothing about this tends to prove that, when Equilon signed the contract, it did not intend to perform or to rebut the evidence Equilon has produced.

The Court grants Equilon's motion for summary judgment with respect to Plaintiff's claim for fraudulent misrepresentation. Because Plaintiff's claim for punitive damages in based on these allegations, the Court also grants Equilon's motion for summary judgment with respect to these damages.

II. Shaw Group

Shaw Group moves for summary judgment on all claims against it, because Equilon hired Shaw Environmental, Inc., not the Shaw Group to perform the environmental remediation. Shaw Group provides evidence that while Shaw Environmental is a wholly owned subsidiary of Shaw Environmental & Infrastructure, Inc., which is, in turn, a wholly owned subsidiary of Shaw Group, Shaw Group did not perform or direct any of the work on the project or supervise any of the employees. Rankin Decl. ¶¶ 2-4; Ripp Decl. ¶¶ 4-6. Further, Shaw Group provides evidence that on February 22, 2007 its counsel contacted counsel for Plaintiff to explain that it had sued the wrong entity and offered two stipulations: one to add Shaw Environmental and to dismiss Shaw Group from the case and another allowing amendment of the answer to allow it to be on behalf of Shaw Environmental rather than Shaw Group. Shepardson Decl. ¶ 7 & Ex. A. Plaintiff never approved the filing of the stipulation and

6

1  did not add Shaw Environmental as a defendant in the case by the
2  April 20, 2007 deadline for adding new parties or claims.
3  Plaintiff opposes Shaw Group's motion and now cross-moves for leave
4  to file an amended complaint adding Shaw Environmental as a party.
5      The Court first addresses Plaintiff's cross-motion. As Shaw
6  Group notes, Plaintiff's motion is improperly styled as a motion
7  for leave to file an amended complaint. Because the deadline for
8  adding additional parties has passed, Plaintiff must seek leave to
9  modify the schedule established in the Court's case management
10 order. Federal Rule of Civil Procedure 16(b) provides that such a
11 schedule "shall not be modified except upon a showing of good cause
12 and by leave of the district judge." Even construing Plaintiff's
13 motion as a motion for leave to modify the schedule, Plaintiff has
14 not demonstrated good cause. It is undisputed that Plaintiff was
15 aware that it had named the wrong entity before the deadline for
16 adding additional parties. Plaintiff has provided no reason for
17 its delay. As the Ninth Circuit has held, "A scheduling order is
18 not a frivolous piece of paper, idly entered, which can be
19 cavalierly disregarded by counsel without peril." Johnson v.
20 Mammoth Recreations Inc., 975 F. 2d 604, 610 (9th Cir. 1992). The
21 Court denies Plaintiff's cross-motion for leave to file an amended
22 complaint.
23     Plaintiff also argues that the arguments raised in Shaw
24 Group's motion for summary judgment are precluded by judicial
25 estoppel based on various positions Plaintiff alleges were taken in
26 earlier pleadings. "Judicial estoppel precludes a party from
27 gaining an advantage by asserting one position, and then later
28

7

seeking an advantage by taking a clearly inconsistent position." Klamath Siskiyou Wildlands Center v. Boody, 468 F.3d 549, 554 (9th Cir. 2006) (quoting Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 782 (9th Cir. 2001)).  Plaintiff notes that Shaw Group admitted in its answer that "at the time of the events that are the subject of this Complaint, Shaw was doing business in the State of California, County of San Mateo."  Shaw Answer ¶ 5.  However, as Plaintiff acknowledges, this is not an admission that Shaw Group was working on the job at issue in this case.  Further, the answer denied the allegation that Equilon "retained Shaw for the purpose of monitoring, conducting testing and clean-up of hazardous substances," Complaint ¶ 12; Answer ¶ 12, and specifically stated an affirmative defense that damages suffered by Plaintiff were caused by the conduct "of persons or entities other than Shaw, for which Shaw is not liable or responsible."  Shaw Answer ¶ 30.  This undermines Plaintiff's argument that Shaw Group failed to inform the Court that it was not a proper defendant.

This leaves only Plaintiff's argument that Shaw Group failed to name Shaw Environmental in its certification of interested entities or persons attached to its answer.  Shaw Group's failure to include Shaw Environmental on the list of interested entities is not a sufficient basis on which to invoke the doctrine of judicial estoppel.

Further, Plaintiff's criticisms of the declarations filed in support of Shaw Group's motion for summary judgment do not provide grounds on which to deny that motion.  As Shaw Group points out, the deficiencies noted do not address the purposes for which those

declarations were cited. Plaintiff further suggests that there might be triable questions of fact suggesting that Shaw Group was involved in the project at issue. However, the evidence Plaintiff cites is not sufficient to rebut Shaw Group's clear evidence that it was not involved in the project.

The Court grants Shaw Group's motion for summary judgment.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Equilon's motion for summary adjudication of Plaintiff's fourth cause of action for intentional misrepresentation, the related claim for punitive damages and the claim for damages for emotional distress (Docket No. 33), DENIES Plaintiff's motion for leave to file an amended complaint (Docket No. 50) and GRANTS Shaw Group's motion for summary judgment (Docket No. 28). Equilon and Shaw Group's objections to Plaintiff's evidence submitted in opposition to their respective motions for summary judgment are denied as moot (Docket Nos. 54, 55). The Court did not consider any improper or inadmissible evidence in deciding these motions.

As discussed at the hearing, by November 29, 2007, Defendant shall file a further motion for summary judgment on the issue of whether consequential damages are recoverable under the indemnity agreement. Plaintiff shall file an opposition, and cross-motion if desired, by December 13, 2007 and Defendant shall file any reply by December 20, 2007. Defendant shall notice the motion for hearing on January 10, 2008.

The deadline for disclosure of expert witnesses and exchange of expert reports is extended to December 10, 2007. The deadline

9

for completion of expert discovery is extended to January 11, 2008. The pretrial conference previously scheduled for January 4, 2008 will now be held on January 29, 2008. The trial previously scheduled for January 14, 2008 will now begin on February 11, 2008.

IT IS SO ORDERED

Dated: NOV 13 2007

CLAUDIA WILKEN
United States District Judge